THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALVIN KNIGHTEN, Defendant-Appellant.

(No. 71-154;

Fifth District—May 22, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

■■ The defendant entered a plea of guilty to a charge of theft of a movie projector and screen worth more than one hundred and fifty dollars. The defendant was represented by the public defender and made an oral request for probation. Probation was granted on October 22, 1970. On April 21, 1971, the State filed a petition to revoke probation. The petition alleged that: the defendant attempted to attack a student in the East St. Louis High School on December 17, 1970; at the time the defendant was under the influence of alcohol; the defendant threatened and cursed two teachers; the defendant committed a battery upon a fellow student and the defendant violated the terms of his probation by being in the vicinity of a lounge at 11:30 P.M. on the evening of March 16, 1971. After hearing witnesses and argument by counsel, the court revoked the defendant's probation and sentenced him to two to five years in the Illinois State Penitentiary. We find ample evidentiary basis for revocation of probation.

642

After defendant's probation was revoked no hearing in mitigation and aggravation was held before sentence was passed. The State points out that although no specific hearing in mitigation and aggravation was held before sentence was passed. The State points out that although no specific hearing in mitigation and aggravation was conducted, the defendant was represented by counsel and that no request for such a hearing was made. The State also points out that the judge at the revocation hearing was the same judge who had previously placed the defendant on probation on the theft charge.

■■ Admitting the facts pointed out by the State, the defendant was still entitled to a hearing in mitigation and aggravation. It is the duty of the court to inform the defendant of this right and to conduct such a hearing unless the defendant waived this right. The fact that the same judge who granted probation, later revoked it, is not an adequate substitution for the hearing in mitigation and aggravation. The sentence is set aside and the case is remanded to the Circuit Court of St. Clair County with directions to conduct a hearing in mitigation and aggravation.

Remanded with directions.

G. MORAN, P. J., and EBERSPACHER, J., concur.